Maximilian Moss, S.
In this accounting by the successor trustee, the court is required to determine the disposition of the principal and income of the testamentary trust created for the benefit of testator’s son. Two prior intermediate accounts of the trustees were judicially settled in 1918 and 1928. The present accounting, relating to the period from April 1, 1923 to December 31, 1958, is occasioned by the death of testator’s son on October 29, 1958.
Under the provisions of paragraph “Third” of his will, testator gave his son a legacy of $50,000 in cash and securities to be selected by the executors and then disposed of the remainder of his estate in the following language: “ I then direct that after the bequests and annuities are paid as hereinafter provided, the balance of the Income on Trust Funds be paid over to my son, Frank A. Keeney, quarterly, or semi-annually, and five years after my decease, and after all bequeaths and liabilities are paid, I give my son, Frank A. Keeney, one-third of my estate at that time remaining and at the end of ten years another third, and the remainder one-third, to be left in trust for him as long as he lives and at his death to go to his next of kin.”
The executors’ account was judicially settled by decree dated October 16, 1914 whereby the executors and trustees were authorized to retain the remainder of the estate ‘ ‘ upon the trust created for the benefit of Frank A. Keeney.” By decree dated August 12, 1918 the first intermediate account of the then trustees was judicially settled contemplating among other things the prospective payment to testator’s son of the first one third of the principal of the trust which had been set up for his benefit pursuant to paragraph ‘ ‘ Third ’ ’. When the second third of the corpus became payable to testator’s son the decree dated July 28,1923 judicially settling the trustees ’ second intermediate account among other decretal provisions ordered, adjudged and decreed “ that Frank A. Keeney, under the third paragraph of the decedent’s will, is now entitled to one-half of the trust funds in the hands of the trustees on March 13, 1923, or to the equivalent thereof * * * that the directions of the third paragraph of the will called for a division in approximately equal thirds of the estate of the decedent five years after the decedent’s death # * * that one-third was to be paid to Frank A. Keeney five years after decedent’s death * * * that the second third of such original division affected by such increase or decrease as may have come about became payable to Frank *950 A. Keeney ten years after the decedent’s death and payment thereof is hereby directed * * * that the remaining third shall remain in trust to be administered as directed in the will * * * (and) that the aforesaid construction of the will of the deceased expresses the true intent of the deceased and is valid and legal.”
The court supplements the previous construction as aforesaid and holds that upon the death of testator’s son the corpus of the trust heretofore administered for his benefit together with all income accruing thereafter is payable to his next of kin, respondent Euby K. Yergason, individually. The income accrued as of the date of the death of testator’s son is payable to respondent Euby K. Yergason, as executrix of his estate. The court interprets paragraph “Third” as being itself a residuary clause, whereas paragraphs 11 Fifteenth ’ ’ and ‘1 Sixteenth ” of the will were intended to dispose only of testator’s estate ‘ ‘ not herein effectually disposed of and of which I may have the right or power to dispose of by will.” Such provision became ineffective as there was no other property left for disposition by the executors after distribution of the estate in the manner required by the will, more particularly set forth in paragraph ‘ ‘ Third ’ ’ and the articles preceding paragraph ‘ ‘ Fifteenth ’ ’ thereof. At most, paragraphs ‘ ‘ Fifteenth ’ ’ and “ Sixteenth ” were intended probably as a catch-all clause prepared in excess caution. The will is so construed.
The court suggests that the present petitioner and respondent Township of Braintrim attempt to settle their controversy arising out of paragraph “ Fourteenth ” of the will and report to the court the result of such negotiations. In the interim, the construction of paragraph 1 ‘ Fourteenth ’ ’ will be held in abeyance. Settle order on notice.